# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ADRENALIN GAMING LLC,           )
                                )
        Plaintiff,               )   Case No. 2:15-cv-00675-JAD-CWH
                                )
vs.                             )   **REPORT AND RECOMMENDATION**
                                )
SCA ENTERTAINMENT, LP,          )
                                )
        Defendant.               )
_____)

This matter was referred to this Court on Plaintiff Adrenalin Gaming LLC's ("plaintiff") unopposed Motion for Default Judgment (doc. # 14), filed November 17, 2015.

## BACKGROUND

On April 14, 2015, plaintiff filed a complaint alleging breach of contract and trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1051 to 1127. See Doc. # 1. Specifically, plaintiff alleges that Defendant SCA Entertainment, LP ("defendant") infringed on plaintiff's trademark, the Luck of the Irish (No. 3,060,880), and breached the parties' contract in which defendant agreed to pay plaintiff for use of the trademark. Id. Plaintiff seeks an injunction, impoundment and destruction of infringing materials, profits derived from the infringement, damages, attorney's fees, costs, and any other relief the Court deems appropriate.

On May 13, 2015, plaintiff filed proof of service. See Doc. # 6. Plaintiff then filed an application for entry of default against defendant, which the Clerk of Court entered on May 15, 2015. See Doc. # 9; Doc. # 10. Thereafter, plaintiff filed a motion for default judgment against defendant, which this Court

denied for various deficiencies. See Doc. # 11; Doc. # 13. Plaintiff now brings a renewed motion for default judgment. See Doc. # 14.

## DISCUSSION

**1.  Adequacy of Service of Process**

As a preliminary matter, the Court must determine whether plaintiff adequately served process. "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly." Direct Mail Specialists Inc. v. Eclat Computerized Tech. Inc., 840 F.2d 685, 688 (9th Cir. 1988). Under Rule 4 of the Federal Rules of Civil Procedure ("FRCP"), a plaintiff may serve a business by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process on behalf of a defendant. Fed. R. Civ. P. 4(e)(2). The Nevada Rules of Civil Procedure also provide that corporations registered to do business in Nevada may be served through their registered agents. Nev. R. Civ. P. 4(d)(1).

Here, plaintiff served defendant's registered agent on April 23, 2015. See Doc. # 6; Doc. # 14-1. Defendant therefore received proper service of the summons and complaint.

**2.  Procedural Requirements**

Obtaining default judgment is a two-step process. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986); see also Fed.R.Civ.P. 55. First, the Clerk of Court must enter default against a defendant. Fed.R.Civ.P. 55(a). Second, plaintiff must petition the Court for default judgment. Fed.R.Civ.P. 55(b). However, if a defendant against whom default judgment is sought appears personally or through a representative, the defendant or defendant's representative must be served with written notice of the application for default judgment at least seven days before a hearing.

Here, the Clerk of Court entered default against defendant on May 15, 2015. See Doc. # 10. Thereafter, plaintiff filed a motion for default judgment against defendant, which this Court denied because of various deficiencies, and plaintiff now brings this renewed motion. See Docs. # 11, # 13, # 14. A review of the record reveals that defendant has not appeared in this case for purposes of Rule 55(b)(2) of the FRCP, and plaintiff has complied with procedural requirements of Rule 55 to obtain default judgment. Thus, the Court now decides whether default judgment is appropriate in this case.

//

**3.      Default Judgment (Eitel Factors)**

The decision to grant a request for default judgment lies within the sound discretion of the district court. See Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the district court should consider:  (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim(s); (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy of favoring decisions on the merits. Eitel, 782 F.2d at 1471-72.

This Court finds that in light of the record, along with plaintiff's allegations in its complaint, the Eitel factors weigh heavily in favor of granting plaintiff's renewed motion.

First, a denial of default judgment would prejudice plaintiff. This action has been pending since April 2015 without defendant properly appearing or taking action to defend itself. As a result, plaintiff is left without a remedy if default judgment is not entered in its favor.

Second, plaintiff's complaint contains sufficient factual allegations to state a claim upon which relief can be granted. See Eitel, 782 F.2d at 1471. Specifically, plaintiff has alleged facts showing that defendant did not abide by the parties' agreement to cease and desist use of plaintiff's trademark upon failing to renew the agreement for 2015. Once the Clerk of Court enters default, these factual allegations are taken as true. See Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Moreover, plaintiff's complaint sufficiently alleges facts under the liberal pleading standards of Rule 8 of the FRCP. See Danning v. Lavine, 572 F.2d 1386, 1389 (9th Cir. 1978). As such, the second and third Eitel factors weigh in favor of default judgment in this case.

Third, money is at stake in this action. In evaluating the fourth Eitel factor, the Court must consider whether the damages sought are proportional to the alleged harm. See Landstar Ranger, Inc. v. Parth Enter., Inc., 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010). In this case, plaintiff seeks:  (1) $7,500.00 for defendant's infringing conduct in 2015; (2) $750.00 per month from "January 1, 2015 to the present... plus $750.00 per month thereafter which represents late fees pursuant to the Agreement"; (3) $1,575.00 in attorney's fees; (4) $444.50 in costs and fees; and (5) interest at a rate of 5.25% per annum. Doc. # 14-2 at 5; see also Doc. # 14 at 2.

The Court finds that all of the amounts requested are reasonable except for plaintiff's proposed "late fees." Specifically, the Court finds that plaintiff is entitled to late fees in the amount of $750.00 per month from "January 1, 2015 to the present," but not for late fees of "$750.00 per month thereafter," as it would mean penalizing defendant indefinitely despite the absence of proof that defendant will continue to infringe upon plaintiff's trademark. Instead, the Court finds that an injunction is a more appropriate remedy to address any infringement in the future. As such, the Court finds that plaintiff is entitled to an award of $19,160.64.[1]

Fourth, there is little, if any, likelihood of a dispute concerning material facts, especially since all well-pled facts in plaintiff's complaint are taken as true upon entry of default. See TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (citations omitted).

Fifth, the likelihood of excusable neglect is remote. Plaintiff properly served defendant's registered agent with summons and a copy of the complaint. Defendant had knowledge of the instant action yet chose not to oppose plaintiff's allegations, and no evidence exists showing otherwise.

Finally, while it is preferable to decide a case on its merits, when no defendant properly appears to oppose the action, as in this case, reaching a decision on the merits is an impractical task.

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's unopposed Motion for Default Judgment (doc. # 14) be **granted in part and denied in part.**

**IT IS FURTHER RECOMMENDED** that plaintiff be awarded damages in the amount of $16,185.38.

**IT IS FURTHER RECOMMENDED** that plaintiff be awarded attorney's fees in the amount of $1,575.00.

**IT IS FURTHER RECOMMENDED** that plaintiff be awarded costs in the amount of $444.50.

**IT IS FURTHER RECOMMENDED** that plaintiff be awarded interest of $954.49, as of

---

[1] The award amount is broken down as follows: $7,500.00 (infringement damages for 2015) + $8,685.38 (late fees at $750.00/mo. from January 1 to December 18, 2015) + $1,575.00 (attorney's fees) + $444.50 (costs) + $955.76 (5.25% interest) = $19,160.64

December 18, 2015, with additional interest at the rate of 5.25% through entry of judgment.

**IT IS FURTHER RECOMMENDED** that an injunction be entered against defendant to prevent continued infringement of plaintiff's trademark.

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the District Court's Order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated:  December 18, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**